## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

G.C.P. TELEPHONE CARDS LLC                          CIVIL ACTION
d/b/a LA PLACITA III AND LA PLACITA III, et al

                                                    NO. 10-4305
VERSUS

                                                    SECTION "D" (2)
ADT SECURITY SERVICES, INC.

### ORDER AND REASONS

Before the court is a "Motion for Judgment on the Pleadings" (Doc. No. 15) filed by

Defendant ADT Security Services, Inc.  A "Memorandum in Opposition" (Doc. No. 21) was

filed by Plaintiffs,  G.C.P. Telephone Cards LLC and Aimee Flores.  ADT filed supplemental

memoranda with leave of court. (Doc. Nos. 23 and 29). The matter, noticed for submission on

Wednesday, May 18, 2011, is before the court on briefs without oral hearing.  For the following

reasons, Defendant's motion for judgment on the pleadings is denied.

### FACTUAL BACKGROUND

On March 12, 2009, Plaintiff GCP Telephone Cards, LLC (GCP) entered in to a contract

with ADT Security Services, Inc. (ADT) to provide various alarm monitoring services to be

performed at La Placita III's business located at 700 Terry Parkway, Gretna, Louisiana 70056.[1]

On March 14, 2009, GCP entered in to a contract with ADT to provide various alarm monitoring

services to be performed at La Placita II's[2] business located at 220 Williams Blvd., Kenner,

---

[1]*See* Petition at ¶ XXI (Doc. No. 1); March 12, 2009 Contract (Δ's Exh. A/Doc. No. 15-2).

[2]La Placita II is a business whose operations include having large amounts of cash on the premises.

Louisiana 70062.[3]    Directly above where GCP signed on the first page, the ADT contracts

provide:

> Customer Acceptance
> In accepting this Proposal, Customer agrees to the terms and conditions contained herein including those on the reverse side. It is also understood that they shall prevail over any variation in terms and conditions on any purchase order or other document that the Customer may issue. Any changes in the system requested by the Customer after the execution of this Agreement shall be paid for by the Customer and such changes shall be authorized in writing.
>
> ATTENTION IS DIRECTED TO THE WARRANT, LIMIT OF LIABILITY AND OTHER CONDITIONS ON REVERSE SIDE.[4]

The reverse side of each contract also includes the following language in Paragraph B:

> **THE PURCHASER's EXCLUSIVE REMEDY WITH RESPECT TO ANY AND ALL LOSSES OR DAMAGES RESULTING FROM ANY CAUSE WHATSOEVER, INCLUDING ADT's NEGLIGENCE, SHALL BE REPAIR OR REPLACEMENT AS SPECIFIED ABOVE.  ADT SHALL IN NO EVENT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR PERSONAL INJURY OR DAMAGES TO PROPERTY, AND HOWEVER OCCASIONED, WHETHER ALLEGED AS RESULTING FROM BREACH OF WARRANTY OR CONTRACT BY ADT OR NEGLIGENCE OF ADT OR OTHERWISE.[5]**

Paragraph E of the contracts' terms and conditions further provide in relevant part:

> **IT IS UNDERSTOOD THAT ADT IS NOT AN INSURER. THAT INSURANCE, IF ANY, SHALL BE OBTAINED BY THE CUSTOMER AND THAT THE AMOUNTS PAYABLE TO ADT HEREUNDER ARE BASED UPON THE VALUE OF THE SERVICES AND THE SCOPE OF LIABILITY AS HEREIN SET FORTH AND ARE UNRELATED TO THE VALUE OF THE CUSTOMER'S PROPERTY OR PROPERTY OF OTHERS LOCATED IN THE CUSTOMER'S PREMISES. CUSTOMER AGREES TO LOOK EXCLUSIVELY TO CUSTOMER'S INSURER TO**

---

[3]*See* Petition at ¶ XXI (Doc. No. 1); March 14, 2009 Contract (Δ's Exh. B/Doc. No. 15-3).

[4]Doc. No. 15-2 and 15-3 (emphasis in original).

[5]*Id.*(emphasis in original).

**RECOVER FOR INJURIES OR DAMAGE IN THE EVENT OF ANY LOSS OR INJURY AND RELEASES AND WAIVES ALL RIGHT OF RECOVERY AGAINST ADT ARISING BY WAY OF SUBROGATION. ADT MAKES NO GUARANTY OR WARRANTY, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS THAT THE SYSTEM OR SERVICES SUPPLIED WILL AVERT OR PREVENT OCCURRENCES OR THE CONSEQUENCES THEREFROM, WHICH THE SYSTEM OR SERVICE IS DESIGNED TO DETECT.[6]**

The contracts provide further language limiting ADT's liability, to wit**:**

**IT IS IMPRACTICAL AND EXTREMELY DIFFICULT TO FIX THE ACTUAL DAMAGES, IF ANY, WHICH MAY PROXIMATELY RESULT FROM FAILURE ON THE PART OF ADT TO PERFORM ANY OF ITS OBLIGATIONS HEREUNDER. THE CUSTOMER DOES NOT DESIRE THIS CONTRACT TO PROVIDE FOR FULL LIABILITY OF ADT AND AGREES THAT ADT SHALL BE EXEMPT FROM LIABILITY FOR LOSS, DAMAGE OR INJURY DUE DIRECTLY OR INDIRECTLY TO OCCURRENCES, OR CONSEQUENCES THEREFROM, WHICH THE SERVICE OR SYSTEM IS DESIGNED TO DETECT OR AVERT; THAT IF ADT SHOULD BE FOUND LIABLE FOR LOSS, DAMAGE OR INJURY DUE TO A FAILURE OF SERVICE OR EQUIPMENT IN ANY RESPECT, ITS LIABILITY SHALL BE LIMITED TO A SUM EQUAL TO 10% OF THE ANNUAL SERVICE CHARGE OR $1,000, WHICHEVER IS GREATER, AS THE AGREED UPON DAMAGES AND NOT AS A PENALTY, AS THE EXCLUSIVE REMEDY; AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL APPLY IF THE LOSS, DAMAGE OR INJURY, IRRESPECTIVE OR CAUSE OR ORIGIN, RESULTS DIRECTLY OR INDIRECTLY TO PERSON OR PROPERTY FROM PERFORMANCE OR NONPERFORMANCE OF OBLIGATIONS IMPOSED BY THIS CONTRACT OR FROM NEGLIGENCE, ACTIVE OR OTHERWISE, STRICT LIABILITY, VIOLATION OF ANY APPLICABLE CONSUMER PROTECTION LAW OR ANY OTHER ALLEGED FAULT ON THE PART OF ADT, ITS AGENTS OR EMPLOYEES.[7]**

Plaintiffs allege as their first cause of action that, at approximately 7:45 P.M. on October 16, 2009, two armed perpetrators entered the premises of La Placita III and threatened the two

---

[6]*Id.* (emphasis in original).

[7]*Id.* (emphasis in original).

employees with weapons.  One of the employees attempted to activate the business ADT panic

alarm but was threatened to stop.  Said perpetrators locked the two employees inside of the

bathroom, robbed the business of $10,000 in cash plus other items and destroyed property in the

process.  One of the employees used her cell phone to call 911, to which members of the

Jefferson Parish's Sheriff's Office responded; however, they were unable to make the

surveillance video equipment work.  Additionally, on October 17, 2009, when the ADT

technician came to retrieve the video for the police investigation, he managed to erase the video

making it impossible for any identification of the perpetrators.[8]

Plaintiffs' second cause of action concerns the October 24, 2009 robbery of La Placita II

by four armed perpetrators, who threatened store employees with handguns and large bolt

cutters.  Aimee Flores, a store employee who was three or four months pregnant attempted to

activate the wireless ADT alarm that was hanging around her neck.  The perpetrators removed

same and she managed to use her cellular phone to dial 911 while the perpetrators were still on

the premises.  Before leaving, they took money and numerous phone cards and destroyed

property as well.[9]

Plaintiffs' allegations of fault in negligence in a number of particulars including failure to

retrieve the robbery video without erasing it, failing to promptly respond to the distress signal,

failure to respond to the wireless alarm distress signal and contacting the police.  Plaintiffs seek

to recover for damage to property, financial losses, loss of use and other elements of damages.

Plaintiff Flores, who eventually suffered a miscarriage, seeks to recover from ADT for pain,

---

[8]Plaintiff's Petition at pp. 1-2 (Doc. No. 1-1)

[9]*Id*. at pp. 2–3.

suffering and mental anguish, medical expenses and disability.[10]

Once served with the Plaintiffs' Petition for Damages, ADT removed the action to this court, invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). (Doc. No. 1). ADT admits that it had a contract for security services with GCP and that the contract provided for the monitoring of alarm equipment at GCP's place of business, La Placita II. ADT attached a copy of the contract to its Answer as Exhibit A and asserted a number of affirmative defenses relating to the language in the contract.[11]

## APPLICABLE LEGAL STANDARD

In the Fifth Circuit, the "standard for dismissal under Rule 12( c)[12] is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009). Judgment on the pleadings is appropriate only if material facts are not in dispute and questions of law are all that remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1998).

In considering a Rule 12( c) motion, the court "accepts all well-pleaded facts as true,

---

[10]*Id.* at pp. 4-5.

[11]*See* ADT's Answer and Counterclaim (Doc. No. 4).

[12]Fed. R. Civ. P. 12 provides in pertinent part:
   **( c) Motion for Judgment on the Pleadings**. After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings.
   **(d) Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12( c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.
Fed. R. Civ. P. 12 ( c)-(d).

viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  To survive a motion to dismiss under Rule 12( c), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Gonzalez v. Kay,* 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)).  A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*, 129 S.Ct. at 1949.

As a general rule, "the district court is confined to the pleadings...." *Hughes v. Tobacco Inst. Inc.,* 278 F.3d 417, 420 (5th Cir. 2001).  However, there are several exceptions this rule. *See In re Chinese Manufactured Drywall Products,* 2010 WL 5288032495 * 2 (5th Cir. 2007) (citing *In re Katrina Canal Breaches Litig*, 495 F.3d 191, 205 (5th Cir. 2007).   For example, "the court may review the documents attached to the motion to dismiss, *e.g.*, the contracts in issue here, where the complaint refers to the documents and they are central to the claim." *PHI, Inc. v. Rolls-Royce Corp.,* 2010 WL 883794 * 2 (W. D. La. Mar. 9, 2010) (quoting *Kane Enterprises v. MacGregor (USA) Inc.,* 322 F.3d 371, 374 (5th Cir. 2003)).  Additionally, a court may consider matters of which judicial notice may be taken such as items in the record of the case, related cases and matters of public record.  *See e.g., Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 313 (5th Cir. 2002) (citing *Hebert Abstract Co. v. Touchstone Props., Ltd.,* 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) and *Voest-Alpine*, 142 F.3d at 891 n. 4.)).

In sum, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Guidry*, 512 F.3d at 180 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5ᵗʰ Cir. 1999) (citations omitted).

### III. CONTENTIONS OF THE PARTIES

ADT argues that even if the factual allegations of Plaintiffs' petition are accepted as true, it is not liable to them for the torts on which they seeks relief.  ADT contends that the duties it owes to Plaintiffs are solely dependent on ADT's contractual relationship with Plaintiffs and that there are no non-contractual bases for a duty to either GCP or Flores.  Furthermore, ADT contends that Plaintiffs' claims are barred by clear and unambiguous limitations of liability provided in the contracts.  To resolve the motion for judgment on the pleadings, the court must determine if there is an enforceable contract between the parties and, if so, whether that contract precludes Plaintiffs from prosecuting tort claims against ADT.

Plaintiffs counter that Defendant's motion should be denied as there exist material issues of fact with respect to the alleged gross negligence of ADT – *i.e.*, systematic and repeated failures on behalf of ADT to carry out obligations under the contract such that it cannot escape liability *via* waivers not so clearly set forth in the contracts.

### ANALYSIS

Both parties agree that Louisiana law is applicable to this case, which invokes the diversity jurisdiction of the court.  Because this is a contract dispute, Article 3537 directs the

court to also consider the place of the negotiation and the place of the delivery of the contract, as well as the type of contract involved.  La. Civ. Code Art. 3537 (West 1994).  Applying these Articles to the instant matter, the court finds that Louisiana law governs the substantive issues of this case.  Plaintiffs are all Louisiana domiciliaries, which is also the state of negotiation and delivery of the contract in question, as well as the place where the incidents allegedly causing injury and damages occurred.

Plaintiffs clearly allege that ADT installed and ineptly maintained, operated and serviced the alarm system described in the contracts .  The parties agree that the contracts set forth exculpatory clauses purporting to exempt ADT from liability whether for any negligence or otherwise and further limit plaintiffs' recover for any damages to the amount stipulated in the contracts.

In *Robin v. Towing Corp. v. Honeywell, Inc.*,[13] the district court considered a contract for the installation of a residential fire alarm system.  Property damage resulted when a fire started and the alarm system did not work properly.  Honeywell sought to limit its liability for the loss to $250.00 based on the contract between the parties.  The district court sided with Honeywell against the homeowner and granted summary judgment.  Affirming in part, the Fifth Circuit noted that: "Robin provide[d] no evidence that Honeywell 'failed to respond to an emergency in spite of a clear and obvious need to react,' for it [was] undisputed that Honeywell's monitoring

---

[13]*Robin v. Towing Corp. v. Honeywell, Inc.,*1987 WL 12124 (E. D. La. 1987), *aff'd in part, rev'd in part*, 859 F.2d 1218 (5th Cir. 1988) (affirming as to all but Robin's claim for negligence in rendering services under oral agreements subsequent to the written contracts and remanding for further proceedings on that issue).

center received no alarm indicating an emergency."[14]

Even the district court in *Robin* observed that:

*Haspel* typifies the Louisiana rule which has emerged that a company installing the alarm system may contractually limit its liability for damages caused by negligence. **If, however, the conduct of the company installing the alarm results in more than negligence, and reaches the level of willful or wanton disregard for its duties, the clause is deemed void as contrary to public policy**. *Compare Haspel* at 532 with *Carriage Meat Co. v. Honeywell, Inc.*, 442 So.2d 796, 798 (La. App. 1983).[15]

In *Mt. Hawley Ins. Co. v. ADT Sec. Systems, Inc.*, 831 So.2d 480 (La. App. 5th Cir. 2002)

the court explained:

Turning to plaintiff's assertion that the trial court erred in granting the partial summary judgment without considering its gross negligence claims, we note that La. Civ. Code art.2004 provides in pertinent part that, "Any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party." Louisiana courts have frequently addressed the concept of gross negligence. It has been defined by our supreme court as "the want of even slight care and diligence." *Lenard v. Dilley*, 01-1522 (La.1/15/02), 805 So.2d 175. It is the want of that diligence which even careless men are accustomed to exercise. *Id.* Gross negligence, therefore, has a well-defined legal meaning distinctly separate, and different, from ordinary negligence. *Ambrose v. New Orleans Police Dept. Ambulance Service*, 93-3099 (La.7/5/94), 639 So.2d 216. In our opinion, a finding of gross negligence requires a factual inquiry which is improper on summary judgment.[16]

---

[14]*Robin*, 859 F.2d at 1222.

[15]*Robin v. Towing Corp. v. Honeywell, Inc.,*1987 WL 12124 at \*1 (bolding emphasis added).

[16]*Mt. Hawley Ins. Co. v. ADT Sec. Systems, Inc.*, 831 So.2d 480, 484 (La. App. 5th Cir. 2002) (reversing the trial court's summary judgment and remanding for further proceedings). *See also Fraiche v. Sonitrol of Baton Rouge,* 2011 WL 576868 \* 3 (M. D. La. Feb. 9, 2011) (finding that Defendant had not established entitlement to judgment as a matter of law, noting genuine issues of fact with respect to gross negligence, *inter alia*, including the circumstances surrounding the deletion of the video of Defendant's monitoring station and further holding that plaintiff's allegations regarding failure to notify and failure to train and/or supervise require a detailed factual inquiry and consideration of a multitude of factors); *Martco Ltd. Partnership v. Wellons, Inc.,* 2006 WL 845597 \* 3 (W. D. La. Mar. 29, 2006) (Little, J.) (citing *Mt. Hawley,*

This court agrees with Plaintiffs that Louisiana law supports their contention that judgment as a matter of law at the pleading stage is inappropriate because plaintiffs' claim is essentially that the multiple failures to act on the part of ADT with respect to multiple venues amounts to no less than "gross negligence," which is typically an issue addressed to the district judge on a more complete record or the trier of fact on the merits.[17]

As to pleading requirements, the court here notes that the difference between gross negligence and negligence in Louisiana is more one of degree than of kind.[18]  Federal Rule of Civil Procedure 8 only requires a short plain statement showing that the pleader is entitled to relief.  Indeed, no talismanic language – such as "gross" negligence as Defendant suggests[19] – is required, so long as the allegations suggest some degree of culpability greater than simple

---

*supra,* and holding that material issues of fact sufficiently exist that preclude granting partial summary judgment with respect to whether Wellons' conduct rises to the level of gross negligence so as to vitiate the provision of the contract limiting its liability); *Rosenblath's, Inc. v. Baker Industries, Inc.,* 634 So.2d 969, 973 (La. App. 2nd Cir. 1994) (finding no error in the trial court's factual and legal determination that the conduct of Wells Fargo's employee constitutes gross negligence, that the limitation of liability clause of the contract does not apply under the circumstances and therefore Wells Fargo's liability is not limited to the amount stated in the liquidated damages clause).

[17]In *Haspel v. Rollins,* 490 So.2d 530 (La. App. 4th Cir. 1986), the appellate court noted that "discovery has been extensive" and held on the basis of the *summary judgment* record that "Appellants do not allege successive acts of negligence,"  "Rollins's actions [were not] willful or wanton negligence contemplated by the court in *Honeywell* and, "[f]urthermore, there is nothing to indicate that Rollins failed to respond to an emergency in spite a clear and obvious need to react." *Id.* at 533.

[18]*See Solow v. Heard McElroy & Vestal, LLP,* 7 So.3d 1269, 1277 (La. App. 2nd Cir.) (explaining that "[o]rdinary negligence and gross negligence are distinguished by the degree of lack of care on the part of the tortfeasor" and, "[t]hough gross negligence and ordinary negligence have distinct meanings, they are both forms or different degrees of negligence."), *writ denied,* 17 So.3d 961 (La. 2009).

[19]*See* Defendant's Reply Brief at pp. 1-2 (noting that "the word 'gross' appears nowhere in [plaintiffs'] original and amended Complaints")

negligence.   Moreover, "gross negligence" – having been defined under Louisiana law as something greater than simple negligence but less than fraud[20] – need not be pled with Federal Rule of Civil Procedure 9(b) particularity.   Finally, it appears based upon the Plaintiffs' pleadings and the applicable law, the allegations of the petition may require a detailed factual inquiry and consideration of a multitude of factors.[21]

## CONCLUSION

In summary, it is not apparent from the *face of the pleadings* that Plaintiffs cannot recover the amount claimed.   Moreover, it would make little sense to now issue judgment on the pleadings limiting any recovery to the amount stipulated ($1,000.00) as set forth in the contract attached to Plaintiffs' petition, when, less than four months ago, this court ruled that it is facially apparent from the same pleadings that Plaintiffs' claims exceed $75,000.00.[22]  Nothing herein should be construed so as to preclude either party from prosecuting a motion for summary judgment at a later juncture of the proceedings, once there has been an opportunity for discovery with respect to the allegations set forth in plaintiffs' complaint.

Accordingly and for the reasons set forth above,

---

[20]*See FDIC v. Mijalis*, 15 F.3d 1314, 1320 (5th Cir. 1994) (observing that gradations of non-intentional fault were almost unknown in Louisiana jurisprudence until recently and further reiterating the standard noted in its prior decision in *Louisiana World Exposition v. Federal Ins. Co.*, 864 F.2d 1147, 1150 (5th Cir.1989) – "as lying 'somewhere between simple negligence and willful misconduct or fraud with intent to deceive.'").

[21]*See Fraiche v. Sonitrol of Baton Rouge,* 2011 WL 576868 at * 3; *compare* Plaintiffs' Petition (re erasure of the surveillance video tape of the robbery by ADT's video tech on a service call after the La Placita III robbery but before the robbery of La Placita II's location) (Doc. No. 1-1).

[22]*See* Order signed January 26, 2011 (denying Plaintiffs' Motion to Remand) (Doc. No. 11).

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. No. 15) is DENIED.

New Orleans, Louisiana, this 24th day of May, 2011.

_____
A. J. McNAMARA
UNITED STATES DISTRICT JUDGE

12